The case is Juras v. Garland, and I am here with Judge Calabresi and Judge Nardini, and I am Judge Livingston. I believe I see all counsel are present. I believe we're ready to proceed. We'll hear from the petitioner. Good afternoon. May it please the court, Michael P. DiRamondo for the petitioner Bartolomeu Juras. This is a case where it's a returning resident alien. Mr. Juras had a green card from 2003 when he was 18 years old. He left approximately four years later and went to Poland to take care of his ailing and sick grandfather who had Alzheimer's and dementia. He was out of the country for approximately six years. It's interesting to know that he doesn't have a hearing on this until four years later. This is not exactly how the system is supposed to work, where you're knocking on a door at JFK International Airport or any other border crossing station. You're supposed to have an immediate hearing or a close to immediate hearing. This is some four years later before he has a full hearing. He has a full trial, what's called an individual hearing before Immigration Judge Hochul in Buffalo, New York. At that time, he presents evidence that he was out for a valid reason. He didn't know that he could apply for a reentry permit to stay out more than one year and up to two years. His sister testifies. Counsel, the merits of this case are not really before us at the moment. The main issue that is before us is whether we have jurisdiction even to hear anything, to hear whether the withdrawal of the deportation can be withdrawn. That's what we have to deal with first. So could you please address that? Yes, Judge Calabresi. I believe you do have jurisdiction. The judge made a full decision on inadmissibility and had a full hearing and found basically that he had abandoned his lawful permanent residency and that he was not returning from a home that was a temporary absence abroad. And that is at the certified record at page 30 of this case. There is no request, Your Honors, by Mr. Juris or his counsel, Mr. Slepian, for a withdrawal of his application for admission. The first time it is heard in this case is in the closing argument of Ms. Mattingly at certified record of the court at page 216. She says to the judge, I would have no opposition to him withdrawing his application for admission. There's no request in the record before you from either Mr. Juris or his counsel. But there's no objection either, is there? No, it's actually, there's no objection, Judge Livingston, but it's absolutely based on the trial attorney for the Department of He's not questioned in any way whatsoever. Isn't the decision to withdraw an application and the decision to grant that withdrawal a purely discretionary decision? It is, Your Honor, but it has to be done. Can we ever review a discretionary decision of that sort unless it is based on an error of law? Well, I would state, Your Honor, that it is based on an error of law because H.C.F.R. 240.1d gives the power to the immigration judge to do a withdrawal of an application for admission and first has to find that there is some inadmissibility problem and then has to find that that person is ready and willing and immediately ready to leave the United States and has a proper travel document and the proper means. And as the thing came up and a decision against your client was withdrawn and that decision to withdraw it was discretionary. And now you're saying that we should go back and put it back on so that we can look at the underlying thing. But before that, we have to find that we have discretion to consider the withdrawal. Judge Calabresi, this is a weird case, but it's usually not done this way. Usually when a client has an inadmissibility problem, they come into the court and they ask for a withdrawal immediately. There's no trial. There's no individual hearing here. There was a full individual hearing. She makes a full decision on the merits of the inadmissibility and then at the very end says I'm going to grant a withdrawal without a request. It's usually not done that way. And it's very rarely done with respect to a lawful permanent resident. Most of the time it's done when you have a person coming as a B2 visitor or a student where they have an inadmissibility problem and they lose their visa. Here we're talking about taking away Mr. Juris' lawful permanent residency, his green card. It's a significant problem for him. And I would state that the board actually goes forward and reviews Judge Hochul's decision in their decision from August 20th, 2018. They make a full-blown written decision on inadmissibility charges. And in a one-line sentence, they say we agree with the withdrawal of the application for admission. That's not the it should have been done. And 240.1d was not followed by Judge Hochul in any way. They didn't warn Mr. Juris that he was going to lose his green card. They didn't ask him if he was ready to leave. And in fact, it's shown that he wasn't ready to leave immediately because they take an appeal, an immediate appeal of the judge's decision to go to the Board of Immigration Appeals. So we would state that the court still has jurisdiction to review that. There never should have been a full trial and a full finding of inadmissibility and abandonment. And that is now before the court because of that. If the court finds that there is no jurisdiction with respect to that part of it, we would ask the court to look at the motion to reopen and that there is still jurisdiction to review the motion to reopen. We asked the Board of Immigration Appeals to allow Mr. Juris to withdraw his application with withdrawal of admission. They said no, that it was the attorney's testimony, basically. It's interesting because in other cases, they say an attorney cannot testify. In this case, they said that Mr. Slepian did testify. And Mr. Juris is bound by Mr. Slepian's strategy in this situation. Mr. Slepian never asked until the appeal that he asked for the withdrawal of admission. So we would state that if you find that there is no jurisdiction with respect to the principal case, we'd ask that you still have jurisdiction and review that with respect to the motion to reopen. And that's an abuse of discretion. Thank you. Thank you very much. We'll hear from the government. Oh, I'm actually, I'm sorry, we'll hear from Mr. Hoover first. Thank you. Good afternoon, your honors. May it please the court, Tim Hoover, by your appointment. There's a lot of weird things that may happen in immigration court, but there's no weirdness exception to the court's Article III subject matter jurisdiction.  To emphasize and perhaps bring some clarity to what happened and the benefit that Mr. Juris obtained. In other words, there was the withdrawal of the application for admission to avoid a cascade of negative consequences to his benefit, no finding that he was inadmissible, no order of removal and the ability to, if he chooses to leave from the airport in Queens to turn around on a flight and come right back in and apply for admission, if he wants to cross the Peace Bridge in Buffalo to come right back in and apply for admission again, without any finding against him. That is, and with all due respect to my colleague for the petitioner, he hasn't given up anything whatsoever. He's avoided a finding of removability or inadmissibility. And that's precisely why, and this is what Judge Calabrese's question got to, this case is different than all the cases that the government and the petitioner have cited. There's no alternate order of removal. And in fact, the preliminary indication by the immigration judge, you can call it obviated, you can call it rendered null, you can call it ineffective, is taken out of play by the grant of the withdrawal of the request for admission. That means... What do we make of, I mean, this is, I appreciated very much the help of your brief, but this isn't exactly like Hill, right? What do we make of the fact that the BIA entertained the appeal? Is that just a mistake on the agency's part? Two answers to that. One, it doesn't matter for a reason I'll get to in a moment. And secondly, if the BIA thought about what might be the best course of action, they might have done it differently in their defense. They didn't have the benefit of a brief from the government, either in response to Mr. Juris's petition or his motion to reopen. But the mootness standard, if you will, in the BIA is a totally prudential one. So they're not concerned with federal court article three subject matter jurisdiction. And so Chief Judge Livingston, what I think you should make of it is nothing. With regard to Hill, a question that I've wrestled with is, what's the best basis for decision? Is it the Hill going right to mootness or the lack of subject matter jurisdiction in the first instance? Because of course, mootness is, there was subject matter jurisdiction, but it went away. I'd submit to the court that it's a pretty good indication that there's not subject matter jurisdiction when every example of how this might arise is moot before it leaves the trial level. That is, this was not an event that occurred on appeal before the BIA or something that occurred before this court. The item or the whole basis for Mr. Juris being in immigration court ceased and ended when he withdrew the application. And as a result, there was nothing to appeal notwithstanding, as you pointed out, Chief Judge, that the BIA. You say when he withdrew the application and that's the way I had read it. But counsel for Mr. Juris said that the withdrawal occurred without his doing anything. Is that correct? Judge, he makes a fair point that it was not different counsel for Mr. Juris below, either at the hearing or who first brought it up. On the other hand, Mr. Juris was represented by different counsel who did a nice job at the hearing and who did not object. And I think to the extent that the court has any lingering doubt as represented by your question, you can look to the fact that two things, prior counsel reiterated the request for attorney in his own right, decided not to move to reopen based on ineffective assistance of counsel. And I think, you know, petitioner's counsel is very candid on what he's asking for here. He asked the BIA and he asked this court, he wants a remand in order to be able to withdraw the withdrawal. And I think this is in his brief to the BIA for the entry of an order of removal, notwithstanding that that's what he now desires, that that's a sure sign, a telltale sign that there's no subject matter jurisdiction here. If I could touch briefly on a few points that the government made in their responsive brief, the government invokes the canon of statutory interpretation that the article three courts will find in favor of jurisdiction to review agency decisions as a general matter. That's a time honored maxim, but it's only applicable when you're interpreting a statute. There's no interpretation, at least in the way I look at the case, not an interpretation of the jurisdiction stripping provisions. In the first instance, it's whether this thing that the court has already said in Hill, the BIA said in Hill, basically eliminate subject matter jurisdiction falls under these provisions or not. And I think it's really important to focus on this is under 12, 8 U.S.C. 1225, I believe, C. This is a pure discretionary decision that the parties are trying to shoehorn into review here. It's unlike the court's decision in Ruiz from 2009, where the discretion wasn't clearly vested by Congress. The statute here says in the discretion of the attorney general and Judge Calabrese, you're exactly right. That's the end of the game here, apart from all of the other different. Suppose that the IJ and the BIA had declined to allow withdrawal and suppose that then Mr. was trying to appeal that denial. Would we have jurisdiction or would we not have jurisdiction because that decision was discretionary? You would have, I would argue you would not have jurisdiction to review that, but the order that was in place would include. We might have jurisdiction to review the underlying order, but we would not have denial of a withdrawal, which is the issue that is before us today. What we do about the withdrawal. I think that's absolutely right. And you point out, Judge, the exact reason this is different than the cases cited by the parties where there's I call it an alternate ride along tag along order of removal. If the decision granting some relief is reversed, the order goes into place and vice versa. The government makes much of this being somehow akin to the voluntary departure context. But the court, of course, is informed there that it's mandated that there's an alternate order of removal. And in fact, there may be another reason to distinguish that because under voluntary departure, as I read 8 U.S.C. 1229 small c with no space there, it's not clear that I'm happy to answer any other questions the court has if you'd like. Otherwise, my suggestion, respectful suggestion to the court is that the matter be dismissed for lack of subject matter jurisdiction. Thank you, Mr. Hoover. We'll hear from Mr. Holt. May it please the court, John Holt for the Attorney General. This court has the power, has the jurisdiction under 1252 to decide the petitions for review. The court has jurisdiction and should hold the petitioners bound by his request to withdraw its application for admission. The court did not go to the merit, whether or not substantial evidence supports the agency decision that he withdrew his application or whether the court abused his discretion denying his motion to reopen. But should the court do so, the court should find there is substantial evidence and the agency did not abuse his discretion. The real linchpin of this case is one undisputed fact. The petitioner withdrew his application for admission on page 50, excuse me, 94 and 96 of the record. This is an exact quote in the notice to appear filed by petitioner's counsel. Petitioner continues to request, continues to request withdrawal of his application for admission. In the brief to the board, petitioner at page 55 through 56 specifically stated that they request to withdraw their application for admission. So Judge Calabresi, your question about whether there's a factual dispute on whether or not petitioner withdrew his application, there is absolutely no dispute in that regard. The real linchpin in terms of the law is 1252. 1252 gives this court the jurisdiction to review final orders of removal and take immediately to- counsel. The first issue before us is whether we can review the withdrawal. That is, the petition was withdrawn and now he asks us to put it back in. What I'm asking you is, if the BIA had decided that question the other way, in its discretion, and said, I will not let you withdraw, and if petitioner were then appealing that, which is the exact thing which he is doing in reverse now, would we have jurisdiction to consider whether the BIAIJ had properly denied withdrawal? Or would we say that is an entirely discretionary decision over which we have no jurisdiction? And if we have no jurisdiction over that, how can we have jurisdiction over the granting of a withdrawal? The court need not go there, your honor, because here there is no discretionary determination denying his request to withdraw. To allow him to withdraw? The BIAIJ does not need to allow him to withdraw. The important point is really critical and it turns on 1101A47A, and that is, with regard to a request to withdraw for admission, there must be a determination that the alien is deportable. If you go to 1254, 1254 is the statute that your honor is referring to, giving discretion to the attorney general, and 1254 is implemented by regulation 1240. It says a predicate finding must be made by the immigration judge whether or not the petitioner is deportable. Your honor, let's step back. Why is that so? It's very commonsensical that the agency doesn't want to remove people or doesn't want to permit them to withdraw their applications for admission if they're not removable. And so the regulation puts a burden on the immigration judge to make a factual determination that there is an order of deportation, which is that in the order of deportation under 1101A47A includes a determination that an alien is deportable. Where my good colleague, the amicus, misses out in his argument today and in his brief, he fails to address the import of 1101A47A, and he conflates by failing to address that provision that there's a distinction between an order, excuse me, a determination that an alien is deportable and an order of deportation. Most frequently, your honors, face cases where you are faced with a final order of removal that orders an alien to be removed to a specific country. That's an order of deportation. But 101A47A is broader than that in granting an order of deportation to include both a final order that a determination that the alien is deportable. So it's the plain language of the statute that under 101A47A is an order of deportation, i.e. that the alien is deportable, and under B becomes a final order of removal that gives this court jurisdiction under 1252. Well, I'm sorry. Could I just ask you to go back, though, to Judge Calabrese's question? And I understand your textual argument that this is a removal order. But under 1252, we also have the provision that says that our jurisdiction is limited, and we cannot review discretionary determinations. So even if we were to agree with you that this is a removal order, that there is a removal order here, could you address the question about whether the review that we're asked to engage in here is review of a discretionary decision to allow withdrawal? So even if you're right, that there's a removal order in a technical sense, why would you or do you contend that this was a non-discretionary decision? Again, because I think the court is invited to review, is there an order of deportation? And an order of deportation goes to the critical finding of whether... There was a decision by the agency to allow withdrawal. There could have been a decision by the agency to deny withdrawal. That decision, one way or the other, was a discretionary decision. And we are being asked, the way the case comes to us, is we are being asked to review that discretionary decision. And I don't see how we have the power to review a discretionary decision, whether it goes to deny withdrawal or it goes to grant withdrawal. That is something that is entirely discretionary. And under the law, we don't have power over it. And that is so whatever is underlying it. May I respond? My time is up, Your Honor, but may I respond? No, please do. Yes. I would say that the predicate finding that's critical under the regulation 1240 is that there is a finding of inadmissibility. And that is not a discretionary determination. And in light of the regulation saying specifically there must be a predicate finding of jurisdiction to review that determination. So you not only can, but you must. The petitioner's situation otherwise creates a vacuum. The law abhors a vacuum. There is no vacuum. The statute specifically gives this court jurisdiction to decide these petitions for review. Thank you. So can I just ask, so then you would say it goes both ways, right? We would have jurisdiction to denying or granting the withholding. I mean, now I'm granting or denying the petitioner's application. Well, two remarks. Number one, this case invites a conjecture about a wide variety of alternate dispositions and agency actions. There's no need for the court to go- Counsel, Counsel, this isn't a matter of conjecture. This is a matter that you are saying that where there is an underlying order of removal, we have discretion to consider whether allowing the withdrawal of that or not was correctly granted. Even though it's discretionary. And I would hesitate, I think, if I were representing the government to make any suggestion that when there is such a denial of a discretionary order, the courts can step in and say, hey, you should have granted it or review it in some way, just because there is an underlying order. And right before you respond to that, let me just ask to what I think might be a reframing of your argument, tell me whether I'm characterizing it accurately. You're suggesting that because there was a non-discretionary finding that was obligatory before the agency could exercise their discretion, yes, I'll let you know. And if we were to find that there was a legitimate predicate for the court, for the BIA to ex- or the agency to exercise its discretion, thereafter, the decision yes or no to exercise their discretion would be beyond our jurisdiction. Am I capturing your argument? Should I have stated my argument so simply? Exactly. That's the point. And that's why with regard to Judge Livingston's questions, we can't say, just because you can't review a withdrawal, you can review a denial of a request to withdraw. You would have to know the legal correct view of the underlying law. Then we can send it back to the court, to the agency or whatever, and say, here is the correct view of the law, now underlined, is now discussed the discretion. But that has to be based on a finding that there is an underlying error of the it is just an ordinary decision and we don't have any obvious error one way or another, then the discretionary holding remains. I think Judge Nardini captured the essence of our position, and we would submit that where there is an underlying predicate that is a application of the law to the facts, that's not a discretionary determination, and the court has not precluded under 1252 be from a jurisdictional review. Unless there are further questions, it's always a privilege. We would ask the court to exercise jurisdiction to hold petitioner to that he is bound by his request to withdraw his application for admission and give him the benefit of what he asked for, and that is to leave the United States and not be barred for five years that he would be removed, should he be removed pursuant to an order of removal. Thank you, Your Honors. If I may please the court, there is a problem here because I do believe the court has the right to review the non-discretionary finding by Judge Hochul on the inadmissibility and the abandonment. Clearly, she made that decision and the board reviewed that and gave a full decision on that. The problem is that the petitioner never asked for withdrawal of his application for admission. He was forced into it. He was backed into it. At the very end of her decision, she just says, and again, I asked the court to look and find, I could not find it anywhere in the transcript or on the decision. She says, I'm granting you your application for withdrawal of your application for admission. It was never made by the petitioner. So there's the error, and then she doesn't file 8 CFR 240.1D, which gives her the power for withdrawal, and it tells her what the steps are and what she has to do. She doesn't follow any of that. Neither does she tell the petitioner that, by the way, you're relinquishing your green card as soon as you leave the United States. I disagree with both counsel. Once he leaves, he's given up his green card. In fact, the judge says it on the certified record, page 30, that he's abandoned and that the green card is no longer valid. He will not be coming back to the United States. The government will notify the consulate in Poland. He will not be coming here with an immigrant visa or a non-immigrant visa. So I do believe there is a true error. This court has the right to review both of those decisions, the underlying non-discretionary finding that is inadmissible, and the fact that she backed into and forced him to take a withdrawal when he didn't even ask for it. Clearly, he asked for it, and prior counsel asked for it on appeal, and I can't contest that in any way. I was asking for them to go back and let him withdraw that application for admission, which he never asked for, and I think the court has jurisdiction, if there is an error, an underlying error at the trial level, to do so and to review that. I ask that the court take jurisdiction over this, and I'm asking the court to remand this back to Judge Hopel for a full hearing. He's now been here eight years, and he's established a life here. He's working. He's paying taxes. His two sisters are U.S. citizens, and they're here. I'm asking the court to remand this back. It's unbelievable that it's now eight years later, and he's still in the United States. Again, this is not how the system is supposed to work. Thank you for your time. Have a good day. Thank you all. Very nicely argued. We only had one calendar, so it was nice to hear such spirited arguments. We will take the matter under advisement.